UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

P.P.D.                                                    CIVIL ACTION

VERSUS                                                NO. 25-2264

SOCIAL SECURITY                               DIVISION (3)
ADMINISTRATION

### ORDER AND REASONS

Claimant timely filed this action for judicial review[1] after the Social Security Administration (the "Administration") issued a final denial of her claim for disability insurance benefits under Title II of the Social Security Act (the "SSA"), 42 U.S.C. §§ 416(i) and 423, *et seq.*[2] Claimant asks the Court to reverse the Administrative Law Judge's ("ALJ") holding that Claimant is not entitled to the benefits she seeks and remand this matter for further administrative proceedings.[3] The Administration, via Commissioner Frank Bisignano, urges the Court to affirm the denial of benefits and dismiss this case.[4] Having carefully considered the parties' briefing and the administrative record[5] in the light of the applicable law, it is ordered that the decision of the Administrative Law Judge is affirmed.

---

[1] *See* 42 U.S.C. § 405(g).

[2] R. Doc. 9.

[3] *Id.* at 13.

[4] R. Doc. 13 at 10.

[5] R. Doc. 7.

1

## I.    Background

Claimant is a 62-year-old female.[6] She has a high school education[7] and work experience as an optometric assistant.[8] Claimant applied for disability insurance benefits on August 30, 2022.[9] Claimant reported that she experienced "right shoulder arthritis bursitis bone spurs," lower back pain, neck pain, feet issues, and tennis elbow.[10] In her application documents, Claimant represented that she was rendered disabled by these conditions on August 26, 2022.[11]

After the Administration denied her application and request for reconsideration,[12] a hearing to review the claim was held at Claimant's request.[13] The ALJ issued a decision on January 17, 2025, holding that Claimant was not disabled within the definition of the SSA[14] between August 26, 2022, the alleged onset date, through January 17, 2025, the date of the ALJ's decision.[15]

The ALJ conducted the five-step sequential analysis required by 20 C.F.R. § 404.1520 to consider a claimant's assertion of disability. As the Fifth Circuit has explained:

> The five steps consider: (1) Is the claimant "doing substantial gainful activity"? (2) If not, does the claimant "have a severe medically determinable physical or mental impairment" of sufficient duration? (3)

---

[6] *Id.* at 61, 179.
[7] *Id.* at 208.
[8] *Id.* at 43.
[9] *Id.* at 169.
[10] *Id.* at 207.
[11] *Id.* at 172.
[12] *Id.* at 6, 34.
[13] *Id.* at 40, 101.
[14] *See* 42 U.S.C. §§ 416(i), 423(d).
[15] R. Doc. 7 at 33.

If so, does her impairment(s) meet or equal a listing in Appendix 1 of the applicable regulations? (4) If not, considering the claimant's "residual functional capacity," can the claimant still do her "past relevant work"? (5) If not, can the claimant adjust to other work given her residual functional capacity, age, education, and work experience?

*Vasquez v. O'Malley,* 2024 WL 4381269, at *1 (5th Cir. Oct. 3, 2024) (quoting 20 C.F.R. § 416.920). At steps one through four, the burden of proof is on the claimant to show she is disabled. *Shave v. Apfel,* 238 F.3d 592, 594 (5th Cir. 2001). If the claimant can carry this burden through step three or four, she has established disability and the inquiry is over. *Id.* Otherwise, the burden shifts to the Commissioner at step five to prove the claimant nonetheless retains sufficient functional capacity to adjust to other employment. *Id.*

The ALJ found that Claimant satisfied steps one and two. First, Claimant had not engaged in substantial gainful activity since the alleged onset date of her disability.[16] Second, the ALJ found that Claimant suffered from severe impairments including "status post right rotator cuff repair, osteoarthritis, degenerative joint disease, degenerative disc disease of the cervical spine, and hypertension."[17] The ALJ determined that Claimant did not satisfy step three, however, because none of these impairments or any combination thereof met or equaled an impairment listed in Appendix One.[18]

---

[16] *Id.* at 24. Although only the ALJ's decision at step four is at issue in Claimant's appeal, the ALJ's determinations at earlier steps provide context.
[17] *Id.*
[18] *Id.* at 25.

At step four, the ALJ found that Claimant had the residual functional capacity to "perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift 20 pounds occasionally, and 10 pounds frequently; walk and stand for six hours out of an eight hour day; sit for eight hours out of an eight hour day; occasionally stoop, crouch, and climb ladders; frequently climb stairs; no reaching overhead with the right upper extremity; and frequently handle with the right upper extremity."[19] The ALJ concluded that Claimant could perform her past relevant work as an optometric assistant.[20] Therefore, the ALJ found that Claimant was not disabled from August 26, 2022, the alleged onset date, through January 17, 2025, the date of the ALJ's decision.[21]

Claimant asserts that at step four, the ALJ erred by relying on "plainly unreliable vocational expert (VE) testimony to deny Claimant's claim."[22]

## II.    Standard of Review

This Court's review of a denial of social security benefits "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th

---

[19] *Id.*
[20] *Id.* at 32.
[21] *Id.* at 33.
[22] R. Doc. 9 at 1.

Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This must constitute "more than a mere scintilla" of evidence but may be "less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its] judgment . . . even if [the Court concludes that] the evidence preponderates against" the ALJ's findings. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings to support" the denial of benefits. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson*, 864 F.2d at 343–44). If supported by substantial evidence, the ALJ's determination is conclusive and must be affirmed. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C. § 405(g)).

III.   **Analysis**

Claimant argues that the ALJ erred at step four by relying on inconsistent testimony by the VE.[23] To determine whether a claimant could perform her former work, "the ALJ was required to assess the physical demands of those jobs." *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). "This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy." *Id.* at 1022 (internal citations and quotations omitted); *see Titles II and XVI: How We Evaluate Past Relevant Work*, SSR 24-2p (S.S.A. 2024) ("At step four of the sequential evaluation process, we consider whether, given their RFC, the individual can perform any of their [past relevant work] either as the individual

---

[23] *Id.* at 1.

actually performed it or as the work is generally performed in the national economy.").

"If the individual cannot meet the functional demands actually required in the former job but can meet the functional demands as generally required throughout the economy, [the ALJ] will find the individual able to perform [past relevant work] and not disabled." *See Titles II and XVI: How We Evaluate Past Relevant Work*, SSR 24-2p (S.S.A. 2024). Thus, the dispositive inquiry is whether the ALJ's conclusion that Claimant could perform her past relevant work as generally performed is supported by substantial evidence.[24] *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("This court will not vacate a judgment unless the substantial rights of a party have been affected.").

Claimant contends that the VE made conflicting statements relative to the exertion level required to perform Claimant's past relevant work.[25] The record shows that the VE was clear that the exertional level of Claimant's past relevant work as generally performed was "light." Although the VE first testified that Claimant's work was "at least light" as generally performed,[26] the VE immediately confirmed that the

---

[24] The ALJ concluded that Claimant was able to perform her past relevant work as an optometric assistant as "actually performed." R. Doc. 7 at 33. The ALJ also noted that the VE opined that Claimant could "generally perform her past relevant work," and accepted the VE's testimony. *Id*. Regardless of whether the ALJ's conclusion was based on Claimant's prior work as generally performed or actually performed, Claimant's substantial rights turn on whether she could perform her past relevant work as generally performed.

[25] R. Doc. 9 at 8–9.

[26] *Id*.; R. Doc. 7 at 53.

work was "light" after the ALJ asked her a clarifying question.[27] Thus, the ALJ did not err in relying on the VE's testimony to find that Claimant's position required a "light" exertional level.[28] *See Carey v. Apfel*, 230 F.3d 131,146 (2000) ("[T]he ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so.").

Claimant also maintains that the VE did not give clear evidence that someone limited to one-handed overhead reaching could perform Claimant's past job.[29] Here, the VE was clear that if the job as generally performed required any overhead reaching, it could be performed with one hand.[30] Moreover, the VE considered Claimant's ability to occasionally lift 20 pounds and concluded that any overhead reaching could be completed by the nondominant hand.[31] The VE explained that pivoting machinery in front of the patient did not require overheard reach.[32] Although the VE testified that she did not know whether there were *some* jobs that would require overhead reaching,[33] that statement is not relevant to assessing how the work is generally performed. The VE made clear that Claimant could perform her past relevant work as generally performed with one hand.

---

[27] R. Doc. 7 at 53.

[28] *Id*. at 33. Claimant also contends that the VE's characterization of Claimant's description of her prior work as "medium" exertional level is inconsistent with her other testimony. R. Docs. 9 at 8, 7 at 55. That description was relative, however, to Claimant's past prior work as actually performed (rather than generally performed). R. Doc. 7 at 55.

[29] R. Doc. 9 at 9.

[30] R. Doc. 7 at 56.

[31] *Id*.

[32] *Id*. at 55–56.

[33] *Id*. at 33.

Finally, although Claimant maintains that her past position was a "composite job," the VE's testimony indicates otherwise.[34] The VE testified that the standard duties of Claimant's prior position would include wiping down instruments, although mopping floors or washing walls could potentially render it a composite job relative to janitorial work.[35] There was no evidence, however, that Claimant's work as actually performed included these types of janitorial duties. Thus, the ALJ did not err in characterizing Claimant's past position as a single job.

Substantial evidence supports the ALJ's conclusion that Claimant could perform her past relevant work as generally performed. *See Apfel*, 230 F.3d at 147 (holding that where the VE offers "clear and unchallenged testimony," the ALJ's determination is supported by substantial evidence). Even if the ALJ found that Claimant could not perform her past relevant work as actually performed, Claimant still would not have satisfied step four.

Accordingly,

**IT IS ORDERED** that the decision of the Administrative Law Judge at step four regarding the evaluation of whether Claimant was capable of performing her past relevant work is **AFFIRMED**.

---

[34] An ALJ may not evaluate a composite job "at the part of step [four] considering work 'as generally performed in the national economy.' " *See Angela H. v. Comm'r of Soc. Sec.*, No. 3:23-CV-565-KHJ-ASH, 2024 WL 5304958, at *2 (S.D. Miss. Nov. 20, 2024) (citing  Social Security Administration Program Operations Manual System, DI 25005.020(B)), *report and recommendation adopted,* No. 3:23-CV-565-KHJ-ASH, 2025 WL 50588 (S.D. Miss. Jan. 8, 2025).

[35] *Id*. at 57.

New Orleans, Louisiana, this 14th day of May, 2026.

                                  _____

                                          EVA J. DOSSIER

                               UNITED STATES MAGISTRATE JUDGE

9